# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY OLIVER, | ) |
| Plaintiff, | ) |
| v. | ) CV417-101 |
| COUNTY OF CHATHAM, *et al.*, | ) |
| Defendant. | ) |

# **ORDER**

Plaintiff Anthony Oliver, proceeding *pro se* in this civil rights action, requests electronic filing and notification access through the Court's Case Management and Electronic Case Filing (CM/ECF) system. Doc. 7. *Pro se* plaintiffs are unable to use this system absent court authorization, which is sparingly granted. Having reviewed the motion and considered the circumstances, the Court does not find good cause exists to allow plaintiff CM/ECF access. Oliver may prosecute this lawsuit via the U.S. Mail and by accessing public filings through PACER. *See* www.pacer.gov (Public Access to Court Electronic Records).

Oliver is reminded that litigants have a duty to actively monitor the docket, *Yeschick v. Mineta*, 675 F.3d 622, 629-30 (6th Cir. 2012),

and he must participate fully, complying with both the Local Rules and the Federal Rules of Civil Procedure. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"); *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (the leniency to which *pro se* litigants are entitled "does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."); *see also* S.D. Ga. L. R. (available at http://www.gasd.uscourts.gov/lr/lr1.htm); Fed. R. Civ. P. (available at https://www.law.cornell.edu/rules/frcp).

**SO ORDERED,** this   13th   day of June, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA