# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY OLIVER | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV417-101 |
| | ) | |
| COUNTY OF CHATHAM, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court are numerous motions. While several of those motions were pending, plaintiff Anthony Oliver notified this Court of his request to the United States Court of Appeals for the Eleventh Circuit for a Writ of Mandamus. Doc. 88.[1] The Court of Appeals denied his motion as frivolous. Doc. 146. The delay in disposing of these motions is the result of the unusual volume and frequency of filings in this case. Because of the extent and complexity of the factual allegations and procedural history, a detailed recitation of both is warranted.

---

[1] Although styled as a "notice" this filing was marked by the Clerk as a motion. *See* doc. 88. Since Oliver does not request any relief from this Court and the Court of Appeals has denied his mandamus request, the Clerk is **DIRECTED** to terminate this motion.

## I.    FACTS

The following facts are based on allegations in Oliver's complaint and other filings, which at this stage, the Court accepts as true.  Oliver has sued Chatham and Effingham Counties, their respective sheriffs, an Effingham County deputy and several other law enforcement officers, contending he was subjected to excessive force, his free-speech rights were violated, and he was denied appropriate medical care.  *See* doc. 1. The alleged violations originate in Oliver's arrest in January 2017.  *Id.* at 5.

Oliver's vehicle was stopped by the side of a highway when it was struck from behind by a black SUV.  Doc. 1 at 5-6.  Oliver exited his vehicle and approached the SUV.  As he approached, the driver drew a firearm and pointed it at him.  He fled to his own vehicle and called 911 as he drove away "at low speed."  *Id*.  The 911 operator informed him that the vehicle following him was a deputy sheriff, and he arrived at a roadblock formed by four police vehicles and "spikes."  *Id.*  He stopped his vehicle, "activated a TranScend body camera system inside" it, and remained inside.  *Id.*  After "several minutes" the black SUV struck Oliver's vehicle again.  *Id.*

The deputy driving the black SUV, alleged to be defendant Franklin Rollins, Jr., directed Oliver to exit the car. Doc. 1 at 7. Oliver complied, and Rollins, otherwise unprovoked, "kicked [him] in the left side of his face breaking two of his teeth and causing a large abrasion to his face." *Id.* He was then "jumped on by 8 to 10 various law enforcement officers who began kicking and striking [him] with fists and a Billy [sic] club while [he] was handcuffed." *Id.* Several other officers observed this treatment, but did nothing to intervene on his behalf. *Id.* Oliver began to request medical attention for his injuries, but "due to actions, policies and procedures, by and through the elected Sheriff, Defendant Jimmie [sic] McDuffie," he received no medical attention. *Id.* at 8. He was taken to "Chatham Jail" where medical staff examined him and "instructed the jail staff to take [him] to a nearby hospital." *Id.* Despite that directive and his injuries, and after the personal involvement of defendant Sheriff Wilcher, he was "booked" into the jail. *Id.* at 8-9. Later he was taken to the hospital where tests revealed he had "sustained injury to his spine and doctors discovered [his] back was fractured." *Id.* at 10.

Oliver seeks compensatory and punitive damages, an injunction against future wrongful conduct, a court-ordered FBI investigation, a grand jury indictment, and additional training for Chatham and Effingham County employees concerning the proper responses to medical conditions of arrestees. *Id.* at 13-14.

## II.    PROCEDURAL HISTORY

Chatham County, Sheriff Wilcher, and Deputy Rollins answered Oliver's Complaint. *See* doc. 10 (Chatham County); doc. 11 (Sheriff Wilcher); doc. 12 (Franklin Rollins, Jr.). After their answers were filed, Oliver, purporting to act *pro se*, moved to amend his Complaint and to "terminate" his attorney, who had entered an appearance after Oliver filed is complaint *pro se*. Doc. 14 (seeking "an immediate order terminating [his attorney]); doc. 15. At the same time, he moved "ex parte for a Temporary Restraining Order to enjoin Defendants from further spoliating evidence." Doc. 16. Several days later, his attorney moved to withdraw from the case. *See* doc. 17. The Court granted the withdrawal, noting the other two motions were null when filed given the prohibition on represented parties filing motions *pro se*, but would be considered pending defendants' responses. Doc. 19.

Before any responses to Oliver's motions were filed, Effingham County and Sheriff McDuffie moved to dismiss his Complaint and for a stay pending resolution of that motion. Docs. 20 & 21. While those motions were pending, Chatham County and Sheriff Wilcher filed motions to dismiss. Docs. 28 & 29. Oliver then filed a motion to disqualify counsel for Chatham County and Sheriff Wilcher. Doc. 31. After several other filings, Chatham County and Sheriff Wilcher moved for an "order declaring plaintiff Anthony Oliver to be a vexations litigant, and preventing him from filing new litigation without leave of court and without posting security." Doc. 41.

While these motions were pending, Oliver filed further motions purporting to amend his claims. *See* doc. 50 at 2 ("[p]ursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, the Plaintiff hereby dismissed Defendant Jimmie [sic] McDuffie in his individual capacity with his official capacity to stand whereas Plaintiff seeks only injunctive relief."); doc. 51 ("Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, the Plaintiff hereby dismisses the Defendant County of Effingham dismissed without prejudice."); doc. 52 (withdrawing his Motion to Strike and Motion for Sanctions). He then renewed his

motions to disqualify Chatham County and Sheriff Wilcher's counsels and for sanctions. Doc. 63 & 64. He also moved to strike Chatham County and Wilcher's Motions to Dismiss. Doc. 67.

Before any defendant responded to any of those motions, defendant Franklin Rollins moved to dismiss, contending for the first time that "[a]t the time of the events giving rise to . . . Oliver's complaint, [he] served as a Special Deputy United States Marshal." Doc. 71. The United States Attorney, appearing on Rollins' behalf, argued Oliver was obligated to serve the United States. *Id.* at 1. Because Oliver had never properly served him, Rollins was entitled to dismissal without prejudice. *Id.* Before responding to that motion, Oliver again "noticed" the dismissal of his claims against Chatham County. Doc. 76.

Rollins moved to strike the answer filed on his behalf by Chatham County's counsel (*see* doc. 12) because he "did not request representation" from Chatham County with respect to several claims Oliver asserted, but that others were "properly defended by the Chatham County Attorney." Doc. 77 at 1. "To avoid prejudice to [Special Deputy United States Marshal] Rollins' individual interests," he and the Chatham County Attorney moved to strike the answers. *Id.* Oliver filed

another motion for sanctions, based on alleged misrepresentation by the Chatham County attorneys that they represented Rollins, and responded in opposition to Rollins' motion to dismiss. Doc. 75 at 7 (noting that "[i]n numerous pleadings, defense attorneys Jonathan Hart, Jennifer Burns, and Bradford Patrick all claim to be representing Deputy Rollins," and arguing that those representations constituted "fraud upon the United States District Court"); doc. 78 (opposition to Rollins motion to dismiss).

On November 8, 2017, Rollins filed his reply in support of his dismissal motion. Doc. 85. On November 14, Oliver filed a further response, in the form of a declaration describing what he contends were medical consequences of Rollins' tortious conduct; he also declared that he had "corrected" the service defects identified by Rollins, by sending a Summons and a copy of the Complaint to "United States Attorney Jeff Sessions." Doc. 89 at 3. He reiterated his contention that counsel for Chatham County and Sheriff Wilcher "misled the court" that they represented Rollins. Doc. 90.

Based upon a certified mail receipt submitted with Oliver's response to his motion to dismiss, Rollins concedes Oliver had perfected

service and withdrew his motion. Doc. 95 at 1. Although he conceded effective service, Rollins now moved to dismiss Oliver's Complaint as a sanction for Oliver's misrepresentation, in his response, that the United States Attorney had failed to serve him with a copy of a filed document. Doc. 96. Oliver requested leave to submit a Second Amended Complaint, to add several defendants, allege additional violations of his rights which occurred after he submitted his First Amended Complaint and to recast several of his claims under 28 U.S.C. § 1983 as claims pursuant to *Bivins v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 97. He has also responded in opposition to Rollins' sanctions motion, and moves for sanctions of his own and to strike the offending filings. Docs 99 & 102. Oliver then submitted another volley of motions --albeit apparent refilings -- on December 11. Doc. 106 (renewal of motion for PACER access); doc. 108 (renewal of motion to appoint counsel).

Oliver filed a "First Amended Complaint" on December 7, 2017. Doc. 103. He then filed a motion to expedite a hearing on his motion for sanctions against Chatham County Attorneys, introducing complicated factual allegations concerning hearings in other cases. *See* doc. 111 at 2

(alleging that Oliver has "sent both attorneys subpoena's in [his] traffic misdemeanour case," and alleging malfeasance during "the hearing on the second writ of haebus [sic] corpus"). He also requested expedited discovery. Doc. 112.

Effingham County and Sheriff McDuffie moved to dismiss the purported "First Amended Complaint." Doc. 117. Oliver then filed a flurry of documents "noticing" his dismissal of pending claims, with and without prejudice, without specifying which version of the Complaint he now believed operative. *See* doc. 121 (dismissal as to Sheriff McDuffie, in his individual capacity); doc. 122 (dismissal of Effingham County); doc. 123(dismissal of Chatham County). He then moved to withdraw his motions to disqualify counsel, for sanctions, to obtain a PACER account, and several other motions. Doc. 128.

Several more responses and replies followed. Docs. 129 (Effingham County and Sheriff McDuffie's response to doc. 124), doc. 130 (Oliver's reply to doc. 129), doc. 131 (Oliver's response to defendant Rollins' motions, including for sanctions and a protective order). Oliver then "noticed" the dismissal of his official capacity claims against Sheriff McDuffie. Doc. 132. Another volley of responses and replies followed.

*See* docs. 138, 139, 140, 142, & 143. Oliver also purported to "withdraw" his dismissal of Sheriff Wilcher, although that dismissal purported to be "with prejudice." *Compare* doc. 118 (dismissal) *with* doc. 141 (withdrawal).

Most recently, defendant Rollins filed a partial motion to dismiss. Doc. 144. Oliver filed his response on January 22, 2018, doc. 145, and defendant replied on January 29, 2018, doc. 147. On February 5, 2018, Oliver requested leave to file a sur-reply; a 15 page motion which attached 54 pages of "exhibits". Doc. 151. Finally, he has filed another "notice" voluntarily dismissing his claims against Sheriff Wilcher, doc. 165, as well as several more motions. Doc. 160 (Motion to Transfer Venue); doc. 161 (Motion for a Status Conference); doc. 162 (Motion to Compel Rule 26(f) Conference); doc. 163 (Motion to Strike Exhibits).

## III.  ANALYSIS

As the procedural history reflects, many of the motions filed in this case have been withdrawn and refiled. Withdrawn or not, the Court discusses the merits of the motions below. By discussing the merits, the Court expects that, absent a relevant change in circumstance, no further

versions of these motions will be filed. His motions to withdraw those motions are, therefore, **DENIED as moot**. Doc. 87; doc. 128.

## A. Preliminary Motions

Several pending motions can be disposed with dispatch. First, the Court should deny Oliver's motion for a Temporary Restraining Order (doc. 16) prohibiting defendants from spoliating evidence because Defendants and their counsel have an independent obligation to preserve evidence. *See, e.g., In re Delta/AirTran Baggage Fee Antitrust Litigation*, 770 F. Supp. 2d 1299, 1307 (N.D. Ga. 2011) (explaining duty to preserve evidence is triggered "when litigation is reasonably anticipated."). Further a TRO is an extraordinary remedy that should not be granted unless the movant clearly establishes entitlement. *See Kate Aspen, Inc. v. Fashioncraft-Excello, Inc.*, 370 F. Supp. 2d 1333, 1336 (N.D. Ga. 2005) (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)). If, after discovery, Oliver contends that significant evidence has been altered or destroyed, various sanctions are available. *See Daniels v. United States,* 86 F. Supp. 3d 1375, 1380 (S.D. Ga. 2015) (cite omitted) (if a party proves spoliation "the court may sanction that party's spoliation by dismissing the case, excluding expert

testimony based on the unpreserved evidence, or issuing a jury instruction on spoliation of evidence which raises a presumption against the spoliator."). Accordingly, Oliver's request for a TRO should be **DENIED**. Doc. 16.

Oliver's request for appointed counsel is also **DENIED**. Doc. 23; doc. 108. "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Wright v. Langford*, 562 F. App'x 796, 777 (11th Cir. 2014). Appointment of counsel in a civil case is a "privilege that is justified only be exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citations omtted). Pretermitting whether Oliver is indigent (he retained counsel earlier in this case after all), he has not established the issues in this case are so complex counsel should be appointed.

Oliver has also requested leave to file a surreply to Defendant Rollins' most recent Motion to Dismiss. Doc. 151. In this Court, "'[p]arties may file as many reply briefs as they like . . . .'" *Lee-Lewis v.*

*Kerry*, 2016 WL 6647937 at * 4 (S.D. Ga. Nov. 8, 2016) (quoting *Brown v. Chertoff*, 2008 WL 5190-638 at * 2 (S.D. Ga. Dec. 10, 2008)).  The Court's Local Rules merely require that a party provide timely notice of his intent to reply.  *See* S.D. Ga. Loc. Civ. R. 7.6 (authorizing reply briefs but imposing notice requirements and time limits).  Such notice, however, does not constrain the Court to withhold decision for filing of responsive briefs beyond the first.  *See Brown v. Chertoff*, 2008 WL 5190638 at * 1 n. 2 (S.D. Ga. Dec. 10, 2008) (reminding that "[o]nce the initial round of briefs have been filed, subsequent replies run the risk of 'sudden death.' That is, the Court is free to issue its decision at any time.").  Since the Court's leave is not required to allow Oliver to file any responsive briefing he believes is necessary, his request is **DENIED as moot**.  Doc. 151.

Finally, given the length that these issues have been pending and the extent of the parties' briefing, all pending requests for scheduling modifications are **DENIED**.  Doc. 46; doc. 53; doc. 60; doc. 61; doc. 111; doc. 112.

## B. Oliver's Motions for access to the Court's electronic docket

Oliver requested leave to submit his filings electronically through the Court's CM/ECF system. Doc. 7. The Court denied that request. Doc. 8. He now moves the Court to reconsider that denial. Doc. 36. He identifies four novel issues in his motion: (1) that his original request should have been ruled on by the district judge; (2) that defendants "have outright refused to provide [him] with copies of any and [(presumably) all] documents that they have filed in this case"; (3) that he "is currently unemployed and . . . supporting four children"; and (4) he plans to move out of State. *Id.* at 3. None of those reasons undermine the Court's conclusion that he should not be allowed CM/ECF access. His Motion for Reconsideration is, therefore, **DENIED**. Doc. 36.

In a similar vein, Oliver seeks an "order form the Court providing [him with] . . . a pacer account." Doc. 59 at 4. "PACER" is an acronym which stands for "*Public Access* to Court Electronic Records." *See* www.pacer.gov (emphasis added). Oliver may register for a PACER account as a member of the public; he does not need a court order.

Instructions for registration are available through the PACER website at https://www.pacer.gov/reg_pacer.html.

Oliver's request also mentions the fees imposed to access records through PACER, doc. 59 at 4-5, implying that, rather than merely seeking an account, Oliver seeks to have the fees waived or paid for from public funds. Even when a party is granted leave to pursue a complaint *in forma pauperis*, the party is not entitled to public funding of their litigation expenses. *See Tabron v. Grace*, 6 F.3d 147, 158-59 (3d Cir. 1993) (noting in 28 U.S.C. § 1915 "authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Since Oliver is not proceeding *in forma pauperis*, there is even less justification for public subsidy of his litigation expenses. Accordingly his request for a PACER account is **DENIED as moot** and his implicit request to avoid PACER fees is **DENIED**. Doc. 59; doc. 106.

### C. Claims against Chatham County and Wilcher

Oliver is frustrated with what he contends is inappropriate conduct by the attorneys representing the County and Sheriff Wilcher. *See* doc.

31 (Motion to Disqualify). They, in turn, move to declare plaintiff a vexatious litigant. Doc. 41.

Oliver has repeatedly informed the Court he wishes to *voluntarily dismiss* his claims against the County and Sheriff Wilcher in his official capacity. Doc. 76 (voluntary dismissal of claims against Chatham County); doc. 105 (voluntary dismissal of claims against Sheriff Wilcher in his official capacity); doc. 123. Although his "voluntary dismissal" cites Fed. R. Civ. P. 41(a), that Rule only applies to *actions*, not parties. *See id.* The status of Oliver's claims against Sheriff Wilcher is further complicated by his latest amendment, which as discussed below was filed outside the time for amendment as a matter of course and without the Court's leave. *See* doc. 103; Fed. R. Civ. P. 15(a). The proffered amendment includes claims against Sheriff Wilcher "in his official and individual capacity." Doc. 103 at 2. Despite those claims, and on the same day, Oliver filed a voluntary dismissal, purportedly pursuant to Fed. R. Civ. P. 41(a)(1), of his claims against Sheriff Wilcher in his official capacity, though maintaining the claims against him individually. Doc. 105 at 2. He has since filed a notice of voluntary dismissal of his remaining claims against Wilcher in his individual capacity. Doc. 118.

He later withdrew that notice of dismissal, despite stating he was voluntarily dismissing "with prejudice." *Compare* doc. 141 (withdrawal of second voluntary dismissal), *with* doc. 118 (stating "the Plaintiff hereby dismisses the Defendant John T. Wilcher in his individual capacity *with prejudice* as to all claims, causes of actions, and parties." (emphasis added)). Then, he filed another notice of dismissal, again "with prejudice." Doc. 165. Given the uncertainty created by the whipsaw between asserting and withdrawing his claims, and the opportunity Oliver will have (as discussed below) to amend his Complaint, the Court should dismiss the current claims.

Neither defendant has indicated any objection to their dismissal from this action. Accordingly, Oliver's request to voluntarily dismiss them from this action should be **GRANTED**. Doc. 123. The remaining motions related to the claims against the Chatham County and Sheriff Wilcher should thus be **DENIED as moot**. Doc. 28; doc. 29; doc. 30; doc. 31; doc. 40; doc. 41; doc. 63; doc. 67. The motions by attorneys Hart and Burns to withdraw from their representation of Rollins and to substitute Assistant United States Attorney Bradford Patrick are **GRANTED**. Doc. 80; doc. 81.

### D. Claims against Effingham County and McDuffie

Oliver has filed several documents purporting to voluntarily dismiss his claims against Effingham County and Sheriff McDuffie, in both his official and individual capacities. Doc. 121 (Notice of Dismissal of claims against Sheriff McDuffie in his individual capacity, "without prejudice"); doc. 122 (Notice of Dismissal of claims against Effingham County, "with prejudice"); doc. 132 (Notice of Dismissal of claims against Sheriff McDuffie in his official capacity, "without prejudice"). He has subsequently reiterated his desire to withdraw his claims against Sheriff McDuffie, in both his official and individual capacities, and against Effingham County. *See* doc. 156 at 2 (referring to "[f]ormer" defendants McDuffie and Effingham County). Defendants correctly point out that he may not unilaterally dismiss those claims at this stage. *See* doc. 129 at 2-3. Nevertheless, they do not express any opposition to Oliver's request to withdraw his claims against them, and dismiss them from this action. *See generally* doc. 129. Accordingly, the Court should **GRANT** Oliver's request to withdraw his claims and **DISMISS** Effingham County and Sheriff McDuffie from this action. Doc. 121; doc. 122. All related motions should be **DENIED as moot**. Doc. 20; doc. 21; doc. 117.

### E. Sanctions

#### *1. Oliver's motions for sanctions against defense counsel*

Whether Oliver's claims against Chatham County and Sheriff Wilcher are pursued or not, his claims for sanctions against their attorneys remain before the Court. Oliver has made numerous, serious allegations of misconduct, including that Attorney Hart engaged in "an elaborate or attempt and scheme [sic] to extort $45.00," related to an "open records request" Oliver submitted to Chatham County, doc. 31 at 3; that attorneys Hart and Burns "lie, cheat, and steal to gain a tactical advantage" in this case, doc. 63 at 12; and that Assistant United States Attorney Patrick "impersonat[ed] a 'special federal officer,' prepar[ed] a false affidavit for himself and Lisa McCarley," and filed a frivolous motion for sanctions against him. Doc. 99 at 4.

Given the complexity of the allegations, Oliver's *pro se* status, and the possibility his emotional investment in his case has lead him to overstate counsels' conduct, the Court will give him an opportunity to clarify his allegations. Some of these allegations appear to implicate Fed. R. Civ. P. Rule 11, without any indication Oliver has complied with its procedural requirements. *See, e.g.,* doc. 99 at 4; Fed. R. Civ. P. 11(c)(2)

(imposing procedural requirements on sanctions motions, including motion "be made separately from any other motion," and "be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ."). Others implicate various aspects of professional ethics. *See, e.g.,* doc. 99 at 4 (alleging "fraud upon [the] Court, and seeking "[a]n Order disbarring the US Attorney Bradford Patrick . . . ."). If he chooses to proceed, and once he has clarified his allegations, the Court will consider them pursuant to the procedure established by Local Rule 83.5.

Within 14 days from the date he receives a copy of this Order, Oliver must supplement his motions for sanctions against attorneys Hart, Burns, and Patrick. He must separately list each instance of allegedly sanctionable conduct. Counsel shall then have the opportunity to avail themselves of Rule 11(c)'s safe-harbor provision, if applicable, and 14 additional days from the expiration of the safe-harbor period to oppose the motion. Oliver must also certify the accuracy of the facts alleged, under penalty of perjury. Accordingly, he must insert above his signature the following: "I declare under penalty of perjury under the

laws of the United States of America that the foregoing is true and correct.  Executed on (date)."  28 U.S.C. § 1746(1).

In that regard, Oliver is reminded that:

> [L]ying under oath, either live or "on paper," is illegal.  *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

*Mingo v. United States*, 2014 WL 4926278 at * 1 n. 3 (S.D. Ga. Oct. 1, 2014).  Since he must supplement, his currently pending sanctions and related motions should be **DENIED as moot**.  Doc. 62, doc. 64, doc. 75, doc. 102.

### 2. *Motions for sanctions against Oliver*

Defendants have objected since early in this case to Oliver's conduct.  *See* doc. 41 (Motion to declare plaintiff a vexatious litigant).  They allege he has "a longstanding history of filing frivolous complaints

and motions against governmental entities." *Id.* at 3; *see also* doc. 79 at 3-6 (listing Oliver's allegedly frivolous suits in other jurisdictions). More recently, and more troublingly, he has allegedly approached defendant Rollins and his wife in public, and engaged in surveillance and other threatening conduct. *See* doc. 79 at 6-9. Rollins also seeks sanctions against Oliver, including dismissal of this action, for falsely alleging that the United States Attorney failed to serve him with court filings. *See* doc. 96 at 2. The US Attorney contends that this allegation fits Oliver's pattern of "routinely accus[ing] opposing counsel of falsifying certificates of service in litigation across the country." *Id.*

The Court is well aware of Oliver's extraordinary conduct in this case. The Court is also willing to accept that Oliver may have engaged in inappropriate conduct in other cases. However, the US Attorney concedes that, at least, Oliver's excessive force claim is sufficient to survive a motion to dismiss. Doc. 144 at 1-2 (Rollins "concedes for purposes of [his motion to dismiss] that Oliver adequately alleges an excessive force claim."). Even if Oliver's conduct is extreme, the Court cannot say that the conduct he has engaged in *here*, as opposed to elsewhere, is sufficient to warrant a sanction of dismissal; especially

given his *pro se* status.  *See* doc. 96 at 7-10 (noting that "[d]ismissal is an extreme sanction . . . ."").  Rollins' sanctions motion, therefore, is **DENIED**.  Doc. 96

Oliver should be under no illusion that the Court's reticence to impose an extreme sanction indicates approval of his conduct.  The Court, as explained above, tolerates *no* misrepresentations.  Further, the fact that Oliver has felt compelled to withdraw so many of his motions indicates, in itself, that many are frivolous.  Oliver's hyperbole and outrage have damaged his ability to pursue the justice he claims is the object of his suit.  If he continues to pursue his claims in this manner, the Court will be forced to conclude that his object is not justice, but spectacle.  There are more than enough meritorious claims that this Court has no time for theatrics and no patience for frivolity.

The Court, therefore, imposes the following restrictions of any motion Oliver files in this case:

1. The motion must include the following statement:

   "I declare under penalty of perjury under the laws of the United States of America that each fact asserted in the foregoing is true and correct.  Executed on (date).";

2. Any allegation of misconduct by opposing counsel must include specific facts: broad allegations of "fraud" or the like, which are not supported by specific facts, will be regarded by the Court as frivolous;

3. Oliver must promptly notify the Court if he asserts any claim of misconduct against any counsel appearing in this case with any third party, including any state bar association or the press. That notice must include the specific factual basis for the allegation, and be certified under penalty of perjury, as described above; and

4. Any misconduct allegation must include a specific explanation of the prejudice Oliver has suffered, or fears he will suffer, because of it. Thus, assertions that he has not been served with a filing must explain *why* the failure to receive a filing has prejudiced his case.

If he fails to comply with any of these requirements, the Court will presume he has wilfully disobeyed its Order and take appropriate measures. **Oliver is warned that dismissal of this action will be the *minimum* sanction imposed.**

The facts alleged in Rollins' motion for a protective order, that Oliver is approaching various potential defendants, witnesses, and their families, outside of any recognized discovery process, are highly disturbing. Because there is no justification for approaching family members of witnesses and parties, the Court recommends enjoining Plaintiff from doing so regardless of whether he has, in fact, done so in

the past.  Rollins' motion, therefore, should be **GRANTED**, in part.  Doc. 79.

Oliver is advised, however, that the Federal Rules of Civil Procedure provide the exclusive methods for conducting discovery.  He is **DIRECTED** to utilize those methods, ***and only those methods***, from this point forward.  He is further **DIRECTED** to communicate with defendants *only* through their counsel.  Further attempts to circumvent the established discovery procedures will be construed as a wilful violation of this Court's Order, subjecting Oliver to sanctions, as discussed above.  The motion for a hearing on Rollins' motions for protective order and sanctions is **DENIED as moot**.  Doc. 115.

His recent Motion to Transfer Venue is, in effect, a sanctions motion, since it alleges that transfer is warranted because of various misconduct, is also **DENIED**.  Doc. 160.  He is free to renew his motion to transfer, subject to the requirements imposed above.

### F. Motions to Amend

Oliver has requested the Court's leave to amend his Complaint several times, and subsequently withdrawn those requests.  *See* doc. 15, (Motion to Amend); doc. 103 (Amended Complaint); doc. 150 (withdrawal

of Motion to Amend). Given his voluntary dismissal of several defendants from this case, however, and the clarification of defendant Rollins' status, some amendment is appropriate. Accordingly, Oliver's request to amend his Complaint is **GRANTED**. Doc. 15.

Oliver is **DIRECTED** to file an Amended Complaint within 14 days from the date of this Report and Recommendation. He is reminded that his Amended Complaint will supersede all previous versions, and, therefore, must be complete in itself. *See, e.g., Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). Defendants shall respond to the amendment as required by Fed. R. Civ. P. 15. Motions to strike previously filed versions of the pleadings are, thus, **DENIED as moot**. Doc. 77; doc. 127.

Since the Court is permitting Oliver to amend his Complaint, the Court should **DENY without prejudice** the motions to dismiss

currently pending.  Doc. 71; doc. 96 (in part); doc. 144.  Motions related to the dismissal motions are **DENIED as moot**.  Doc. 95; doc. 163.  If any party named in the Amended Complaint believes that previously asserted grounds for dismissal apply, they are free to reassert them.  His motion for service of a previous version of the Complaint is **DENIED**. Doc. 107.

### G. Stay

There are various discovery motions pending before the Court, including motions to stay discovery.  The Court **DENIES** Oliver's discovery motions, pending his amendment of his Complaint.  Doc. 124; doc. 156; doc. 161; doc. 162.  Discovery in this case shall be **STAYED** until the period for response to the Amended Complaint, provided under Fed. R. Civ. P. 15(a)(3), has passed.  The Court will consider motions to extend the stay prior to that deadline.

## IV.  CONCLUSION

In summary, the pending motions in this case are resolved as follows:

(1)    The following motions are **GRANTED**: Doc. 15; doc. 80; doc. 81;

(2)     The following motions are **DENIED**:  Doc. 23; doc. 36; doc. 46; doc. 53; doc. 59; doc. 60; doc. 61; doc. 77; doc. 87; doc. 95; doc. 96 (in part); doc. 106; doc. 107; doc. 108; doc. 111; doc. 112; doc. 115; doc. 124; doc. 127; doc. 128; doc. 151; doc. 156; doc. 160; doc. 161; doc. 162; doc. 163;

(3)     The Court **RECOMMENDS** that the following motions be **GRANTED**:  Doc. 79 (in part); doc. 121; doc. 122; doc. 123; and

(4)     The Court **RECOMMENDS** that the following motions be **DENIED**:  Doc. 16; doc. 20; doc. 21; doc. 28; doc. 29; doc. 30; doc. 31; doc. 40; doc. 41; doc. 62; doc. 63; doc. 64; doc. 67; doc. 71; doc. 75; doc. 96 (in part); doc. 102; doc. 117; doc. 144.

As to those portions of the above making recommendations to the district judge, this Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and

Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545

(11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 8th day of March, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA