# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ANTHONY OLIVER,  )
    Plaintiff,  )
)
v.  )  CV417-101
)
COUNTY OF CHATHAM, *et al.*,  )
)
    Defendants.  )

FILED
Scott L. Poff, Clerk
United States District Court

*By jburrell at 12:11 pm, Mar 30, 2018*

## REPORT AND RECOMMENDATION

Plaintiff Anthony Oliver has filed an "Emergency" motion for a temporary restraining order as well as "immediate ex parte and . . . oral argument hearing." Doc. 173. He seeks an injunction directing "defendants, their counsel and their co-[d]efendants from ongoing illegal activities, civil rights violations, and threats of detention and arrest." Doc. 173 at 8. He also requests that the Court direct the United States Marshall to effect service on the various defendants. Doc. 173 at 10; doc. 181. Finally, he moves to transfer venue. Doc. 183.

Given the procedural history of this case, Oliver's propensity to file flurries of motions, notices, and variously captioned documents with the Court, and his inclination to make serious allegations of misconduct against opposing counsel, the Court imposed special instructions

applicable to any motion he filed in this case. *See* doc. 168 at 23-24. The Court required that:

1. The motion must include the following statement:

   "I declare under penalty of perjury under the laws of the United States of America that each fact asserted in the foregoing is true and correct. Executed on (date).";

2. Any allegation of misconduct by opposing counsel must include specific facts: broad allegations of "fraud" or the like, which are not supported by specific facts, will be regarded by the Court as frivolous;

3. Oliver must promptly notify the Court if he asserts any claim of misconduct against any counsel appearing in this case with any third party, including any state bar association or the press. That notice must include the specific factual basis for the allegation, and be certified under penalty of perjury, as described above; and

4. Any misconduct allegation must include a specific explanation of the prejudice Oliver has suffered, or fears he will suffer, because of it. Thus, assertions that he has not been served with a filing must explain *why* the failure to receive a filing has prejudiced his case.

*Id.* The Court further warned him:

If he fails to comply with any of these requirements, the Court will presume he has wilfully disobeyed its Order and take appropriate measures. **Oliver is warned that dismissal of this action will be the *minimum* sanction imposed.**

*Id.* at 24. That was no idle threat.

Oliver complied with the Court's instructions to amend his Complaint. Doc. 169. He then attempted to serve it upon the defendants. *See generally* doc. 173 (detailing Oliver's allegations concerning difficulties in effecting service). Because of obstacles he and his hired process server encountered, he moved for injunctive relief. Doc. 173. That motion substantially, if not technically, complied with the Court's instructions. He has since filed two more motions, seeking Marshal service of the Amended Complaint and renewing his motion to transfer venue. Docs. 181 & 183.

Both motions omit the required certification of the facts alleged. *See* doc. 181 at 7; doc. 183 at 9. The motion to transfer makes serious allegations of threats and intimidation. Both motions also make bombastic allegations of misconduct based upon minimal (at best) factual support. *See, e.g.,* doc. 173 at 9 (alleging that hypothetical assertion of ineffective service "is one of the many dirty tactics deployed by USAA Bradford Patrick," and stating "[w]hat can be said here is that the Defendants, their counsel and the civilian employees of these law enforcement agencies are nothing more then [sic] bullies with badges and state bar cards."); doc. 183 at 3 ("Plaintiff filed this lawsuit against a

group of thugs, enforcers, street criminals, crooks and members of a shake down organization called the Southern Georgia Regional Fugitive Task Force."); *id.* at 4 (alleging "Defendants ROLLINS, HOWELL and MCDUFFIE was able [sic] to hire some drug addict that was appearing in [an unidentified, but presumably, state-court proceeding] for criminal charges to provide a false statement about Plaintiff wishing to beat up the witness."). The Court is not unsympathetic to the rigors litigation imposes upon *pro se* parties, but even they must obey the Court's rules and its orders. *See, e.g., Moon v. Newsome*, 863 F.2d 835, 839 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure.").

The Court has the authority to impose sanctions, including dismissal, on *pro se* parties for disobeying its orders. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, *especially where the litigant has been forewarned*, generally is not an abuse of discretion." *Moon*, 863 F.2d at 867 (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 n. 8 (5th Cir.

4

1980)). It also has the authority to impose sanctions for rude and disrespectful conduct. *See Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013) ("The district court did not abuse its discretion when it imposed a default judgment against [the defendant] as a sanction" after finding "that he had exhibited rude and disrespectful behavior throughout the litigation."). Oliver was warned. *See* doc. 168 at 23 (cautioning Oliver that the tone of his pleadings was inappropriate and that "[i]f he continues to pursue his claims in this manner, the Court will be forced to conclude that his object is not justice, but spectacle.").

Accordingly, this case should be **DISMISSED with prejudice**. His motions for Marshal service and for transfer to another district are **DENIED as moot**. Doc. 183; doc. 185. Defendants' motions to dismiss and seeking a stay of deadlines in this case are, therefore, **DENIED as moot**. Doc. 180; doc. 186; doc. 187.

The United States Attorney, appearing as counsel for defendant Rollins, has informed the Court of Oliver's extensive history of abusive litigation. *See* doc. 96 at 2-3; *see also generally Oliver v. County of Los Angeles, et al.*, CV215-7791, doc. 110 (C.D. Cal. Feb. 22, 2016). The United States District Court for the Central District of California

reviewed Oliver's litigation history and noted, as of February 2016, he "filed at least 22 lawsuits in federal court [since] 2009," of which *none* had resulted in a verdict in his favor on the merits. *Oliver*, CV215-7791, doc. 110 at 5. Based on its review of those cases, the court identified a pattern of "frivolous and harassing" filings. *Id.* at 7-9. The Court also noted that Oliver had "filed *a minimum* of 44 cases [in California state courts] between 2003 and 2013," when the State of California declared him a vexatious litigant. *Id.* at 10-11 (emphasis added). Although it declined to impose pre-filing restrictions on Oliver, the Court concluded by cautioning him to cease his abusive litigation practices. *Id.* at 13.

While there is "little doubt" this Court has the power and obligation to protect itself against abusive litigation, an abusive party "cannot be completely foreclosed from *any* access to the court." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986). The *Procup* court noted the Court's responsibility is rooted in the need "to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1073. Oliver has demonstrated, both here and in the vast landscape of prior cases, he is unwilling to restrain himself from flagrantly abusing that machinery. "The time has come,"

6

therefore, "to impose some form and discipline upon Plaintiff's law practice. . . ." *Washington v. Alaimo*, 934 F. Supp. 1395, 1400 (S.D. Ga. 1996).

Oliver should be **ENJOINED** from filing a lawsuit *pro se* in this Court unless the following conditions are met:

1. In addition to paying the Court's filing fee, Oliver must post a $1,000 contempt bond with the Clerk of Court. This bond will be held by the Clerk of Court and, if Plaintiff has conducted the affairs in his case appropriately, the bond will be returned to him at its conclusion.

2. Oliver must attach to any Complaint he files a signed affidavit in swearing he has read Federal Rule of Civil Procedure 11 and will abide by its provisions.

3. Oliver must also attach a photocopy of this Report and Recommendation, or subsequent Order as required by the District Judge, to his Complaint.

Two issues regarding the bond are noteworthy. First, although the record of Oliver's financial status is limited, he has mentioned in pleadings purchasing an English bulldog in 2017 for $3,500. *See* doc. 169 at 6, ¶ 20. If he can afford to spend $3,500 on a pet, he can afford $1,000 for a litigation bond. Second, the bond is intended to ensure plaintiff brings meritorious cases and refrains from excessive filings and

inflammatory remarks.  Such inappropriate behavior will result in bond forfeiture.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 30th day of March, 2018.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA